**F I L E D**

**UNITED STATES COURT OF APPEALS**

**March 29, 2006**

**TENTH CIRCUIT**

ANTHONY ALLEN DIAZ,

        Petitioner-Appellant,

v.

CLINT FRIEL, Warden,

        Respondent-Appellee.

No. 05-4032

(D.C. No. 2:03-CV-534-DB)

(D. Utah)

**ORDER**

Before **HENRY, McKAY,** and **EBEL**, Circuit Judges.

Petitioner, a state prisoner, pleads for habeas corpus relief under 28 U.S.C. § 2254. After a jury trial, Petitioner was convicted of aggravated sexual abuse of a child, aggravated kidnaping, and child kidnaping. At sentencing, the trial court recognized that the kidnaping charges were "in the alternative" and consequently merged Petitioner's aggravated kidnaping conviction into his conviction for aggravated sexual abuse of a child. The court then offered the state the choice between sentencing Petitioner for aggravated sexual abuse of a child or child kidnaping. The state chose child kidnaping and the court sentenced Petitioner to fifteen years to life. Petitioner then appealed to the Utah Court of Appeals, objecting to (1) merging the convictions, and (2) allowing the state to choose the

sentencing crime. He also claimed insufficient evidence to support a conviction and ineffective trial counsel. The court of appeals upheld the conviction.

Petitioner now requests federal habeas corpus relief, asserting some of the same claims and a host of new ones, mostly concerning the insufficiency of the evidence and trial counsel's ineffectiveness. The district court, in a lengthy order, found that several of Petitioner's claims of constitutional violations–that his due process rights were violated by the merger analysis, insufficiency of the evidence, and failure of his counsel to suppress a photo lineup–were unexhausted federal constitutional issues. Order, 6 (D. Utah Dec. 16, 2004). In addition, the district court found that various other claims had been procedurally defaulted. *Id*. at 10. However, the district court did consider Petitioner's claim that "his child kidnaping conviction is unsupported by the evidence, specifically because he never meant to 'keep or conceal' the victim." *Id*. at 12. In response, the court stated that Petitioner "has suggested nothing whatsoever in the evidence to put in question the jury's reasoned consideration of the testimony it heard. He has merely invited this Court to take an impermissible fresh look at the evidence." *Id*. at 13.

The district court also considered, in great detail, Petitioner's six allegations of ineffective assistance of counsel. *Id*. at 14-27. The court found that "Petitioner has neither argued nor shown that the Utah Court of Appeals

unreasonably applied *Strickland* [*v. Washington*, 466 U.S. 668 (1984)] and its progeny and/or made unreasonable factual determinations." *Id*. at 16. The court was unpersuaded by Petitioner's argument and found that he had "failed to show the prejudice required to prevail on his ineffective-assistance-of-counsel claim." *Id*. at 27.

Petitioner now seeks from this court a certificate of appealability. The issues he raises on appeal are identical to those brought before the district court. To grant a certificate of appealability, Petitioner must make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2) (1994). To meet this burden, Petitioner must demonstrate "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quotation omitted).

We have carefully reviewed the briefs of Petitioner and Respondent, the district court's disposition, and the record on appeal. Nothing in the facts, the record on appeal, or Petitioner's filing raises an issue which meets our standard for the grant of a certificate of appealability. For substantially the same reasons set forth by the district court in its Order of December 16, 2005, we cannot say "that reasonable jurists could debate whether (or, for that matter, agree that) the

petition should have been resolved in a different manner." *Id.*

We **GRANT** Petitioner's motion to proceed *in forma pauperis*, but we **DENY** Petitioner's request for a certificate of appealability and **DISMISS** the appeal.

Entered for the Court

Monroe G. McKay
Circuit Judge